UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

| | |
|---|---|
| TAIZHOU SHENGWAN HOME FURNISHING CO., LTD., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NNOVATIVE CLOSET ACCESSORIES LLC, | ) ) ) ) |
| Defendant. | ) |

COMPLAINT FOR DECLARATORY JUDGMENT
AND OTHER RELIEF

Plaintiff Taizhou Shengwan Home Furnishing Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this action for declaratory judgment against NNovative Closet Accessories LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Act, 35 U.S.C. § 1 *et seq*.

2.      Plaintiff seeks a declaratory judgment that its hat storage container product (the "Non-Infringing Product") does not infringe Defendant's United States Patent No. 10,273,075 (the "'075 Patent"), which covers a specific configuration of a stackable storage device. A true and correct copy of the '075 Patent is attached hereto as Exhibit A. Plaintiff also seeks recovery for damages sustained as a result of Defendant's intentional and bad faith interference with Plaintiff's marketing and selling of its products. Plaintiff further seeks a declaratory judgment that each and every claim of the '075 Patent is invalid under 35 U.S.C. §§ 102 and 103.

1

3.      Plaintiff brings this action in view of the actual controversy created by Defendant under the '075 Patent. Defendant asserted patent infringement claims without a basis in law or fact against Plaintiff's Non-Infringing Product with Amazon, causing Amazon to remove Plaintiff's listings for the Non-Infringing Product on Amazon.com. Upon information and belief, Defendant has a history of engaging in bad faith patent allegations to harm competitors and potential competitors.

4.      This action further arises under the laws of the State of Florida, to include Fla. Stat. §§ 501.201 *et seq.* Plaintiff seeks an order remedying Defendant's trade libel, tortious interference with advantageous business relationship, tortious interference with contractual relations, and unfair competition.

**THE PARTIES**

5.      Plaintiff Taizhou Shengwan Home Furnishing Co., Ltd. is a private company organized and existing under the laws of the People's Republic of China, with its principal place of business at room 2, Building 31, Shangma New Community, Shangma Village, Lunan Street, Luqiao District, Taizhou City, Zhejiang Province, China. Plaintiff is the owner and operator of the "Euct" storefront on Amazon.com, through which it sells products in the United States, including the Non-Infringing Products.

6.      Upon information and belief, Defendant Nnovative Closet Accessories LLC ("Nnovative"), is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 2952 SW 30th Ave, Hallandale, Florida 33009. Defendant is the owner and operator of the "Glasshouse Closet- The CapBox" storefront on Amazon.com, through which it sells products in the United States, including but not limited to its "The Cap Box" hat stackable storage container product.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court because this litigation arises under the Patent Act, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a). This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

8.      A case of actual controversy has arisen between the parties pursuant to 28 U.S.C. § 2201 regarding whether Plaintiff infringes any claims of Defendant's '075 Patent, as further set forth herein.

9.      This Court has personal jurisdiction over Nnovative because Nnovative has its principal place of business in the State of Florida and within this District, regularly conducts business within this District, and advertises and sells its services through the Internet to Florida residents. In addition, the claims at issue arise out of or relate in substantial part to Nnovative's activities in this District.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### A.  The Non-Infringing Product

11.     Plaintiff conducts business through a storefront on Amazon.com under the name "Euct," offering a variety of storage containers for sale, including the Non-Infringing Product. This product is identified by Amazon Standard Identification Number ("ASIN"), B0FB3229TJ.

12.     On or about July 18, 2025, Defendant submitted one or more patent infringement complaints to Amazon, alleging that Plaintiff's Non-Infringing Product infringed upon the '075 Patent. Upon information and belief, Defendant did not obtain samples of Plaintiff's Non-Infringing Product prior to filing its complaint with Amazon alleging patent infringement.

13. On or about July 18, 2025, Plaintiff received notifications from Amazon informing Plaintiff that Amazon removed its listing for the aforementioned ASIN, due to the alleged infringement of the '075 Patent. A true and correct copy of the Amazon infringement complaint notice is attached hereto as Exhibit B.

14. On or about August 27, 2025, Plaintiff filed suit against Defendant in the Northern District of Illinois, seeking a declaratory judgment that its Non-Infringing Product did not infringe any claims of the '075 Patent. *See* Complaint, *Taizhou Shengwan Home Furnishing Co., Ltd. v. Nnovative Closet Accessories LLC*, No. 1:25-cv-10257 (N.D. Ill. August 27, 2025), ECF No. 1.

15. After Plaintiff brought suit, Defendant withdrew its patent infringement complaint with Amazon.com, and the ASIN identified above was reinstated on Amazon's platform. Despite this, Plaintiff's Non-Infringing Product was removed from the Amazon marketplace for several weeks, resulting in lost sales and profits, a substantial reduction in product rankings on Amazon, and attorneys' fees and costs.

16. Making matters worse, Defendant has refused to agree to not file any more patent infringement complaints to Amazon or to not initiate any infringement lawsuits on Plaintiff's Non-Infringing Product, or other similar products.

17. To the contrary, counsel for Defendant asserted that a case could be made that Plaintiff's accused product may indeed infringe the '075 Patent.

18. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for hat storage containers, Plaintiff needs the Non-Infringing Product listed in the Amazon marketplace. If Defendant files another infringement complaint with Amazon, Amazon will remove the Non-Infringing Product from the marketplace once again, preventing Plaintiff from accessing their largest channel of trade.

4

Thus, Defendant's refusal to formally acknowledge that the Non-Infringing Product does not infringe the '075 Patent and/or commit to not file any more patent infringement complaints to Amazon or to not initiate any infringement lawsuits on Plaintiff's Non-Infringing Product is causing immediate and irreparable harm to Plaintiff.

**B.  U.S. Patent No. 10,273,075**

19.     Upon information and belief, Defendant claims ownership of the '075 Patent by assignment.

20.     The '075 Patent, titled "Stackable Storage Device for Headwear," describes its purported invention as a "storage device for headwear."

21.     Claims 1, 11, and 15 are the only independent claims of the '075 Patent.

22.     Plaintiff's Non-Infringing Product lacks multiple required structural and functional limitations in the asserted independent claims of the '075 Patent. A claim-by-claim comparison of the independent claims of the '075 Patent to Plaintiff's Non-Infringing Product demonstrates that Plaintiff's Non-Infringing Product does not meet all the limitations of every asserted independent claim, either literally or under the doctrine of equivalents. A true and correct copy of the claim-by-claim comparison of the independent claims of the '075 Patent to Plaintiff's Non-Infringing Product is attached hereto as Exhibit C.

23.     Claim 1 requires:

> A stackable storage device for headwear comprising:
> an elongated container with a top surface, a bottom surface, two side surfaces, a back surface, an interior, an opening and a moveable door positioned to cover the opening when closed; wherein the top surface is shorter in length than the bottom surface; and an end of each of the side surfaces slopes down from the top surface to the bottom surface at an obtuse angle;
> a slidable drawer having a bottom, a front wall, a back wall and two side walls, the drawer being located in the interior of the container on the bottom surface of the container; and

a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised.

*See* Ex. A at 8:5-20.

24. Plaintiff's Non-Infringing Product does not meet all the limitations of Claim 1 because:

    a. Claim 1 requires a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised. Plaintiff's Non-Infringing Product does not have a horizontal flange on the interior of each side surface. Rather, it has a horizontal flange located on the bottom surface of the container, which is positioned to contact the bottom centered ridge portion of the slidable drawer when the back wall of the drawer is slid into the interior of the container. *See* Ex. C.

| The '075 Patent | Plaintiff's Non-Infringing Product |
| --- | --- |
|  | |

25. Claim 11 requires:

A stackable storage device for headwear comprising:
an elongated container with a top surface, a bottom surface, two side surfaces, a back surface, an interior, an opening and a moveable door positioned to cover the opening when closed;

6

a slidable drawer having a bottom, a front wall, a back wall and two side walls, the drawer being located in the interior of the container on the bottom surface of the container;

a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised; and

at least one stop located in the interior of the container and positioned to engage with the drawer as it slides along the bottom surface of the container.

*See* Ex. A at 9:1-16.

26.     Plaintiff's Non-Infringing Product does not meet all the limitations of Claim 11 because:

a.  Claim 11 requires a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised. Plaintiff's Non-Infringing Product does not have a horizontal flange on the interior of each side surface. Rather, it has a horizontal flange located on the bottom surface of the container, which is positioned to contact the bottom centered ridge portion of the slidable drawer when the back wall of the drawer is slid into the interior of the container. *See* Ex. C.

| The '075 Patent | Plaintiff's Non-Infringing Product |
|---|---|
|  | |

b.  Claim 11 requires at least one stop located in the interior of the container and positioned to engage with the drawer as it slides along the bottom surface of the

container. Plaintiff's Non-Infringing Product contains no stops, rather just the horizontal flange located on the bottom surface of the container. *See* Ex. C.

| The '075 Patent | Plaintiff's Non-Infringing Product |
|---|---|
|  | |

27.     Claim 15 requires:

A stackable storage assembly for headwear comprising:

at least two elongated containers each comprising:
a top surface, a bottom surface, two side surfaces, a back surface, an interior, an opening and a moveable door positioned to cover the opening when closed;
wherein the top surface is shorter in length than the bottom surface; and an end of each of the side surfaces slopes down from the top surface to the bottom surface at an obtuse angle;
a first magnet featured on the door and a second magnet located on the bottom of the container adjacent to the opening;
a slidable drawer having a bottom, a front wall, a back wall and two side walls, the drawer being located in the interior of the container on the bottom surface of the container; and
a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised.

*See* Ex. A at 9:34-10:14.

28.     Plaintiff's Non-Infringing Product does not meet all the limitations of Claim 15 because:

8

a. Claim 15 requires a first magnet featured on the door and a second magnet located on the bottom of the container adjacent to the opening. However, Plaintiff's Non-Infringing Product does not include any magnets. *See* Ex. C.

| The '075 Patent | Plaintiff's Non-Infringing Product |
|---|---|
|  | |

b. Claim 15 requires a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised. Plaintiff's Non-Infringing Product does not have a horizontal flange on the interior of each side surface. Rather, it has a horizontal flange located on the bottom surface of the container, which is positioned to contact the bottom centered ridge portion of the slidable drawer when the back wall of the drawer is slid into the interior of the container. *See* Ex. C.

9

| The '075 Patent | Plaintiff's Non-Infringing Product |
| --- | --- |
|  | |

## C. Defendant's Pattern of Abuse of Amazon's IP Enforcement System

29. The foregoing are not intended to be exhaustive of Plaintiff's non-infringement contentions nor a waiver of any invalidity defenses. They demonstrate however that even the most cursory inspection of Defendant's products immediately reveals that Defendant's patent does not read on Plaintiff's Non-Infringing Product. Thus, there could not have been a good faith basis for sending an infringement take-down request to Amazon.

30. Indeed, Defendant directly competes with Plaintiff in the Amazon marketplace for hat stackable storage container products. Defendant operates its own Amazon storefront through which it sells its "The CapBox" hat stackable storage container product. A true and correct copy of Defendant's "The CapBox" product listing on Amazon is attached hereto as Exhibit D.

31. Accordingly, Defendant abuses Amazon's intellectual property enforcement system to eliminate its competition. By asserting baseless patent infringement claims against Plaintiff's Non-Infringing Product through Amazon's internal enforcement mechanism, Defendant exploited Amazon's takedown procedures to effectively bypass judicial scrutiny and deprive Plaintiff of the ability to conduct its business on the platform.

32.     Plaintiff is not the only victim of Defendant's improper actions. For instance, on or about March 21, 2025, Defendant submitted an infringement complaint against another seller's shoe box product, which resulted in the removal of that seller's listings from Amazon.com. In response, the seller filed a declaratory judgment action asserting that the asserted U.S. Patent No. 10,273,075 did not infringe the seller's accused product and anticipated by prior art, seeking, on those bases, a judgment of non-infringement, invalidity, and other appropriate relief. *See* Complaint, *Shenzhen Yihong Tech. Co., Ltd. v. Nnovative Closet Accessories LLC*, No. 0:25-cv-60629-DMM (S.D. Fla. Apr. 1, 2025), ECF No. 1.

33.     As a direct and proximate result of Defendant's Amazon complaint, Amazon removed Plaintiff's top-selling ASIN. Defendant's actions have significantly harmed Plaintiff's business operations, resulting in lost sales and profits, a substantial reduction in product rankings on Amazon, diminished market presence, decreased monthly storefront visitors, and damaged goodwill.

**D.  The '075 Patent Is Invalid**

34.     Plaintiff further contends that any claim of the '075 Patent asserted against the Non-Infringing Product is invalid under at least 35 U.S.C. §§ 102 and/or 103 in light of voluminous prior art.

35.     As a first illustrative, non-exhaustive example of relevant prior art, U.S. Patent No. 10,172,484 to Edward L. Maldonado (the "Maldonado Patent") discloses a "stackable/wall mountable headwear storage and display cabinet system with variable lighting" which discloses a stackable container having a generally rectangular box shape, front door, and sliding drawer, as shown below in FIGs. 2B and 4 of the Maldonado Patent:

11



FIG.2B                    FIG.4

A true and correct copy of the Maldonado Patent is attached hereto as Exhibit E.

36.    As a second illustrative, non-exhaustive example of relevant prior art, U.S. Patent No. 11,352,170 to Tashin Dag (the "Dag Patent") is a "stackable packaging container" which consists of a stackable container having a generally rectangular box shape, a door, a drawer, and a horizontal flange, as shown below in FIGs. 1 and 3 of the Dag Patent:



FIG. 1                    FIG. 3

A true and correct copy of the Dag Patent is attached hereto as Exhibit F.

37.     As a third illustrative, non-exhaustive example of relevant prior art, U.S. Patent No. 5,071,008 to John L. Hradisky (the "Hradisky Patent") also discloses a stackable container having a top surface shorter in length than the bottom surface and where an end of each of the side surfaces slopes down from the top surface to the bottom surface at an obtuse angle, as shown below in FIG. 7 of the Hradisky Patent:



FIG. 7

A true and correct copy of the Hradisky Patent is attached hereto as Exhibit G.

38.     Neither the Maldonado Patent, the Dag Patent, nor the Hradisky Patent were examined during prosecution of the '075 Patent.

13

39.     The claims of the '075 Patent are either anticipated or rendered obvious by voluminous prior art, including, without limitation, the Maldonado Patent, the Dag Patent, and/or the Hradisky Patent, used either alone or in combination with one another and/or with the knowledge of a person of ordinary skill in the art.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,273,075**

40.     Plaintiff repeats and realleges by reference paragraphs 1 through 39 as if fully set forth herein.

41.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '075 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiff's Non-Infringing Product.

42.     The Non-Infringing Product does not meet all limitations of claim 1 of the '075 Patent. For example, it lacks the limitation that the stackable storage device for headwear includes "a horizontal flange located on each side surface in the interior of the container and positioned to contact the side walls of the drawer when the back wall of the drawer is raised."

43.     The Non-Infringing Product does not meet all limitations of claim 11 of the '075 Patent. For example, it lacks the limitation that the stackable storage device for headwear includes "at least one stop located in the interior of the container and positioned to engage with the drawer as it slides along the bottom surface of the container."

44.     The Non-Infringing Product does not meet all limitations of claim 15 of the '075 Patent. For example, it lacks the limitation that the stackable storage device for headwear includes "a first magnet featured on the door and a second magnet located on the bottom of the container adjacent to the opening."

14

45.     The foregoing are examples of missing elements and not a waiver of further non-infringement and potential invalidity claims and defenses.

46.     An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '075 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '075 Patent. Plaintiff is entitled to a judgment declaring that it has not infringed and will not infringe any claim of the '075 Patent.

**COUNT II**
**TRADE LIBEL**

47.     Plaintiff repeats and realleges by reference paragraphs 1 through 39 as if fully set forth herein.

48.     Defendant intentionally made false and disparaging statements of fact regarding Plaintiff's Non-Infringing Product when it submitted a patent infringement complaint to Amazon alleging that Plaintiff's Non-Infringing Product infringed the '075 Patent. Defendant's complaint communicated to Amazon and through Amazon's enforcement mechanisms, to the commercial marketplace, that Plaintiff's Non-Infringing Product is an infringing product, a false statement of material fact.

49.     The statements in Defendant's patent infringement complaint to Amazon are false. As set forth herein, Plaintiff's Non-Infringing Product does not infringe any valid claim of the '075 Patent. No reasonable pre-filing investigation could support a good-faith assertion to the contrary.

50.     Defendant made its false statements with actual malice knowing they were false or with reckless disregard for their truth or falsity. Defendant is the manufacturer and assignee of the

'075 Patent, which is directed to hat stackable storage containers. Defendant knew that Plaintiff's product is a hat stackable storage container and that this product does not practice the claimed limitations in the '075 Patent. Defendant knew at the time of submitting its patent infringement complaint that Plaintiff's Non-Infringing Product was a direct competitor to its The CapBox product.

51.     Alternatively, Defendant made the false statements with at least reckless disregard for their falsity, as it made no reasonable effort to compare the structural limitations of the '075 Patent claims against the actual structure of Plaintiff's product before submitting the complaint that caused the removal of Plaintiff's listing.

52.     As a direct and proximate result of Defendant's false statements, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Product and other products, resulting in lost revenue and profits directly attributable to those lost sales.

53.     Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product reviews, ratings, and Amazon rankings, thereby resulting in lower product visibility in consumer searches and diminishing market presence.

54.     The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover. These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## COUNT III
## TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

55.     Plaintiff repeats and realleges by reference paragraphs 1 through 39 as if fully set forth herein.

56.     Plaintiff had an advantageous business relation with the probability of future economic benefit; specifically, the ability to sell the Non-Infringing Product on Amazon.com to Amazon's existing and prospective customers.

57.     Defendant knew of this advantageous business relationship. Defendant is itself an Amazon marketplace seller and is fully aware of the commercial value of selling products through Amazon. Defendant operates its own Amazon storefront through which it sells a competing hat stackable storage container, to include its The CapBox product. Defendant directly benefits commercially from Plaintiff's exclusion from the Amazon marketplace.

58.     Defendant intentionally engaged in acts designed to disrupt Plaintiff's expectancy of sales of its products by submitting a false and baseless patent infringement complaint to Amazon.com, knowing that Amazon would act upon this complaint by removing Plaintiff's listings for the Non-Infringing Product.

59.     Actual interference with the relationship between Plaintiff and Amazon's existing and prospective customers occurred in that Amazon removed its listing for the Non-Infringing Product.

60.     As a direct and proximate result of Defendant's interference, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Product and other products, resulting in lost revenue and profits directly attributable to those lost sales.

61.     Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product

17

reviews, ratings, and Amazon rankings, thereby resulting in lower product visibility in consumer searches and diminishing market presence.

62.     The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover. These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## COUNT IV
## TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

63.     Plaintiff repeats and realleges by reference paragraphs 1 through 39 as if fully set forth herein.

64.     Plaintiff entered into the "Amazon Services Business Solutions Agreement," along with other agreements with Amazon, and conducts business through its storefront on Amazon.com.

65.     At all relevant times, this Agreement was valid and enforceable.

66.     Defendant knew of Plaintiff's contractual relationship with Amazon. Defendant is itself an Amazon marketplace seller in a contractual relationship with Amazon. Defendant operates its own Amazon storefront through which it sells competing hat stackable storage container products, to include its The CapBox product. Defendant directly benefits commercially from Plaintiff's exclusion from the Amazon marketplace.

67.     Defendant intentionally disrupted Plaintiff's contractual relationship with Amazon by submitting a false and baseless patent infringement complaint to Amazon.com, knowing that Amazon would act upon this complaint by removing Plaintiff's listing for the Non-Infringing Product.

68.     As a direct and proximate result of Defendant's interference, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Product and other products, resulting in lost revenue and profits directly attributable to those lost sales.

69.     Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product reviews, ratings, and Amazon rankings, thereby resulting in lower product visibility in consumer searches and diminishing market presence.

70.     The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover. These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## COUNT V
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## FLA. STAT. § 501.201

71.     Plaintiff repeats and realleges by reference paragraphs 1 through 39 as if fully set forth herein.

72.     Defendant's acts, as set forth above, constitute unlawful acts and practices in the conduct of trade or commerce as defined under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.204(1).

73.     Defendant has acted unlawfully and unfairly by submitting a baseless complaint to Amazon that resulted in the wrongful removal of Plaintiff's Non-Infringing Product from Amazon.com.

74.     By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiff's business operations, including the removal of the Non-Infringing Product that does not infringe any valid intellectual property rights.

75.     As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiff has been, and continues to be, materially harmed in an amount to be proven at trial.

**COUNT VI**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,273,075**
**35 U.S.C. §§ 102, 103**

76.     Plaintiff repeats and realleges by reference paragraphs 1 through 39 as if fully set forth herein.

77.     An actual, continuing, and justiciable case or controversy exists between Plaintiff and Defendant regarding the validity of the '075 Patent. Defendant has affirmatively asserted the '075 Patent against Plaintiff's Non-Infringing Product through one or more patent infringement complaints submitted to Amazon.com, has caused Amazon to remove Plaintiff's listings, and has refused to disclaim future enforcement, thereby creating a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed any valid claim of the '075 Patent.

78.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its legal rights with respect to the continued manufacture and sale of the Non-Infringing Product.

79.     Plaintiff is entitled to a declaratory judgment that the '075 Patent is invalid.

80.     The '075 Patent is invalid because each of its claims fails to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 102 and 103.

81.     The '075 Patent has an effective filing date of July 27, 2017. The asserted independent claims (claims 1, 11, and 15) and the dependent claims of the '075 Patent are anticipated and/or rendered obvious by under 35 U.S.C. § 102(a)(1) by, at minimum, U.S. Patent

20

No. 10,172,484 (the "Maldonado Patent"), which discloses a "stackable/wall mountable headwear storage and display cabinet system with variable lighting" having a generally rectangular box shape, front door, and sliding drawer. *See* Ex. E.

82.     The asserted claims of the '075 Patent are independently anticipated and/or rendered obvious by U.S. Patent No. 11,352,170 (the "Dag Patent"), which discloses a "stackable packaging container" having a generally rectangular box shape, a door, a drawer, and a horizontal flange. *See* Ex. F.

83.     The asserted claims of the '075 Patent are independently anticipated and/or rendered obvious by U.S. Patent No. 5,071,008 (the "Hradisky Patent"), which discloses a stackable container having a top surface shorter in length than the bottom surface and where an end of each of the side surfaces slopes down from the top surface to the bottom surface at an obtuse angle. *See* Ex. G.

84.     To the extent any limitation of any claim of the '075 Patent is not expressly or inherently disclosed by Maldonado Patent, Dag Patent, and/or the Hradisky Patent alone, the asserted claims are invalid as obvious under 35 U.S.C. § 103 at least in light of the Maldonado Patent, the Dag Patent, and/or the Hradisky Patent, alone or in combination with the knowledge of a person of ordinary skill in the art.

85.     A person of ordinary skill in the art at the time of the alleged invention—namely, a designer or mechanical engineer with several years of experience designing consumer storage, display, or organizer products—would have been motivated to combine the references identified above for the predictable purposes the prior art itself articulates, including (i) the desire to permit secure vertical and horizontal stacking of containers, (ii) the need to limit drawer travel so a loaded drawer cannot tip or be inadvertently pulled out of the container, (iii) the need to support drawer

21

side walls so a loaded drawer cannot tilt under load, and (iv) the desire to shape the cabinet so a user can readily reach the contents while another container is stacked above. Combining these familiar elements according to known methods to achieve their predictable functions would have yielded each of the configurations claimed in the '075 Patent.

86.     Plaintiff is therefore entitled to a declaratory judgment that each and every claim of the '075 Patent is invalid under 35 U.S.C. §§ 102 and/or 103, and that the '075 Patent is unenforceable against Plaintiff and Plaintiff's Non-Infringing Product on that independent basis.

87.     Plaintiff is further entitled to, among other relief, preliminary and permanent injunctive relief enjoining Defendant from alleging, representing, or otherwise stating that Plaintiff's sale of the Non-Infringing Product infringes any valid and enforceable claim of the '075 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's Non-Infringing Product has not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '075 Patent;

2.     Order prohibiting Defendant from asserting infringement allegations for Amazon Standard Identification Numbers ("ASIN") B0FB3229TJ, and to take all actions necessary to withdraw such infringement contentions.

3.     A permanent injunction enjoining Defendant from asserting the '075 Patent against Plaintiff's Non-Infringing Product;

4.     A judgment declaring that each and every claim of the '075 Patent is invalid under 35 U.S.C. §§ 102 and/or 103;

22

5.      Entry of judgment finding Defendant liable for trade libel;

6.      Entry of judgment finding Defendant liable for tortious interference with advantages business relationship;

7.      Entry of judgment finding Defendant liable for tortious interference with an existing contract;

8.      Entry of judgment finding Defendant liable for a violation of Florida's Deceptive and Unfair Trade Practices Act;

9.      An award of compensatory damages sufficient to make Plaintiff whole for the harm caused by Defendant's conduct;

10.     An award of punitive damages in an amount to be determined at trial;

11.     An award of reasonable attorneys' fees, pursuant to Fla. Stat. § 501.2105 and to the extent authorized by law;

12.     An award of Plaintiff's costs in this action;

13.     All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 1, 2026                          Respectfully submitted,

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789

By: */s/ Marcelo Diaz-Cortes*
Marcelo Diaz-Cortes

23

Primary: md@lklsg.com
Secondary: tms@lklsg.com
Florida Bar No.: 118166

**ENVISAGE LAW**
Anthony J. Biller*
NC State Bar No. 24,117
Sophia M. Vouvalis*
NC State Bar No. 62,730
P.O. Box 30099
Raleigh, NC 27622
Phone: (919) 268-8998
Facsimile: (984) 212-5164
Email: ajbiller@envisage.law
Email: svouvalis@envisage.law
*Pro hac vice applications forthcoming

*Counsel for Plaintiff*